**Manjit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71538.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 20, 2007.

Filed June 29, 2007.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Blair T. O'Connor, Esq., Jamie M. Dowd, Esq., D.O.J.—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, BYBEE, and M. SMITH, Circuit Judges.

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM \*

Manjit Singh ("Singh"), a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because we are compelled to find that the IJ's adverse credibility determination was not supported by substantial evidence, we REMAND.

This Court reviews a determination that an applicant has not established eligibility for asylum under the "substantial evidence" standard. *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir.2004). Singh alleges that his membership in a pro-separatist Sikh political party, the Shiromani Akali Dal Mann, led to two separate instances of custodial abuse by Indian police in 1997 and 1999. The IJ found the 1999 abuse not credible because government officials participated in Sikh celebrations organized by non-separatist parties, including the mainstream Akali Dal, during the time of Singh's arrest. The IJ failed to note that Singh's separatist party was a separate entity treated differently by the government. This serious confusion compels rejection of his ruling.

The IJ also found that Singh's testimony about the police's stated motives in arresting him was inconsistent, since he reported that police issued different threats each time. Nothing inconsistent about Singh's testimony, however, is shown by an account of two different police actions at two different times. The different rationales provided by the police cast no doubt on either of Singh's central claims.

No evidence in the record shows that the 1997 arrest and abuse did not occur. A finding of implausibility based on " 'conjecture and speculation' that the testimony, though uncontroverted by any evidence that the IJ can point to in the record, is inherently unbelievable ... should not automatically be accorded deference." *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005).

 Singh's past persecution gives rise to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1) (2006). Evidence of changed country conditions offered to rebut this presumption must be applied to the petitioner's specific situation via an "individualized analysis." *Marcos v. Gonzales*, 410 F.3d 1112, 1121 (9th Cir.2005) (internal citation omitted). The IJ failed to apply state department reports to Singh's specific situation, again conflating the position of mainstream Sikh political parties with Singh's separatist group. In fact, the government's proffered newspaper articles show that, in June of 1999, Singh's party's leaders were arrested and its headquarters confiscated and destroyed. We therefore remand for further proceedings.

Even a ten percent chance of persecution may be sufficient to establish a well-founded fear of persecution. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). For withholding of removal, "[t]he applicant must establish a clear probability that he would be persecuted were he to be deported to his home country." *Rajinder Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006) (internal citations and quotations omitted). The same is true for relief under CAT. *Id.* Singh has not shown a "clear probability" that he would be persecuted upon return to his home country.

Accordingly, he does not qualify for withholding of removal or CAT relief.

We REMAND to the BIA for proceedings consistent with this opinion.